3r 387
84 366

CASE 74—INDICTMENT—SEPTEMBER 26, 1882.

# Werner v. The Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. The question here is, not whether the accused had, in fact, committed a felony, but whether the officer had reasonable grounds to believe that a felony had been committed by him.

2. When the question is whether the officer acted fraudulently or in good faith, the information on which he acted, whether true or false, is original evidence.

WHITTAKER & PARSONS FOR APPELLANT.

The evidence of the outcry of persons indicating the parties supposed to be guilty was incompetent. (10 Bush, 576; 1 Greenl., 108; Roscoe's Crim. Ev., 20 and 21; 1 Taylor's Ev., 531; Mockabee v. The Commonwealth, 78 Ky.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

The proof objected to was competent to show—

1. That the parties were liable to arrest.

2. The officers were acting upon information and appearances that, if true, made it their duty to make the arrest.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

A peace officer, in attempting to make an arrest, met with resistance, and was seriously wounded. The officer was without warrant, and acting upon information that a felony had been previously committed by the parties sought to be arrested. On the trial the court permitted the declarations of persons present at the time of the attempted arrest,

and indicating the parties supposed to be guilty, to go to the jury in evidence.   Of this appellant complains, and his counsel insist that the case of Bradshaw v. Commonwealth is conclusive in his favor.   In that case the court held, that upon the question of the guilt of the accused, the exclamation of persons not connected with the perpetration of the offense was not competent; but the question here is not as. to whether the accused had, in fact, committed a felony, but whether the officer had reasonable grounds to believe that a felony had been committed.   Where the inquiry is only as to whether an offense has been committed by a. particular person, the exclamation of parties not connected with the perpetration of the offense is incompetent, because not original, but hearsay evidence; but when the question is whether the party acted prudently, wisely, or in good faith, the information on which he acted, whether true or false, is original evidence.

We see no error in the giving or refusing instructions.

Judgment affirmed.